**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus Gerardo PEREZ–ZAZUETA Defendant—Appellant.**

**No. 04–50300.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided May 15, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**676**

Michael Kaplan, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Douglas C. Brown, Esq., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, FRIEDMAN ** and FISHER, Circuit Judges.

### MEMORANDUM ***

Jesus Gerardo Perez–Zazueta appeals his conviction for making a false statement in a passport application in violation of 18 U.S.C. § 1542. In his application, he stated that he was a citizen of the United States. In support of that claim, and in opposition to the government's extensive

---

** Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

documentary evidence that he was born in Mexico, Perez–Zazueta introduced the deposition testimony of a priest, Father Adolpho Chavez, who was 74 years old and had had a stroke. [Pl. Br. 9] Father Chavez testified that he "faintly recall[ed]" performing a baptism in September of 1971 in a house in Chula Vista, CA.

Perez–Zazueta argues that the following statement by the prosecutor in closing argument was improper: "This person, Reverend Chavez, has been coached. I think he has been taken advantage of. His physical and mental condition have been taken advantage of. That's why he remembers this." Because Perez–Zazueta did not object to these statements, we review them for plain error. *United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1132 (9th Cir.2005). We affirm.

■ The prosecutor's statement that Father Chavez "has been coached" was not improper, because it was based on a reasonable inference drawn from the evidence adduced at trial. *See United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991).

■ The prosecutor did, however, improperly interject her personal opinion with the statements "I think he has been taken advantage of" and "[h]is physical and mental condition have been taken advantage of." Not only was there little to no evidence to support these claims, but "[a] prosecutor has no business telling the jury his individual impressions of the evidence. Because he is the sovereign's representative, the jury may be misled into thinking his conclusions have been validated by the government's investigatory apparatus." *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir.1992).

---

We cannot say, however, that the prosecutor's statements constituted plain error that would warrant overturning the conviction. The other evidence that Perez–Zazueta was born in Mexico was "overwhelming," and in that situation there can be no reversal for plain error. *Johnson v. United States*, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts